**THE LAW OFFICE OF THOMAS M. MULLANEY**
Thomas M. Mullaney (TM-4274)
tmm@mullaw.org
489 Fifth Ave., 19th Floor
New York, New York 10017
Telephone: (212) 223-0800
Facsimile: (212) 661-9860

**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
2800 Cantrell Rd., Suite 510
Little Rock, Arkansas 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARcare d/b/a Parkin Drug Store and Bald Knob Medical Clinic<br><br>Plaintiff,<br><br>v.<br><br>ADELPHIA SUPPLY USA, Inc.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, ARcare d/b/a Parkin Drug Store and Bald Knob Medical Clinic ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Adelphia Supply USA, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act. In support, Plaintiff states as follows:

## INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements without providing an opt-out notice as required by law.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and injunctive relief to preclude Defendant from committing future TCPA violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because it operates its business in New York and is a New York corporation.

7. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

8. Venue in this district is proper because this is the district in which Defendant resides.

## PARTIES

9. Plaintiff, ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas. Among other entities, ARcare owns and operates the Parkin Drug Store and the Bald Knob Medical Clinic.

10. Defendant Adelphia Supply, USA, Inc. is a wholesale distributor of Brand Name Diabetic supplies, servicing independent and chain pharmacies, DME and medical supply companies. Its principal place of business is Brooklyn, NY, and it is organized under the laws of New York.

## FACTS

11. On May 11, 2015, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax advertises various medical supplies. A copy of this facsimile is attached hereto and marked as Exhibit A.

12. Exhibit A is exemplary of the junk faxes Defendant sends.

13. Indeed, between May 18, 2015 and February 29, 2016, Defendant sent at least 47 additional unsolicited faxes to Plaintiff's ink-and-paper facsimile machines. *See* attached Exhibit B, a compilation of 47 faxes sent to Plaintiff by Defendant. Upon information and belief,

Plaintiff has received hundreds, if not thousands, of additional fax advertisements from Defendant similar to Exhibit A.

14. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

15. Defendant's faxes do not contain opt-out notices that comply with the requirements of the TCPA.

## CLAIM FOR RELIEF

**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

16. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

17. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

18. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

19. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or

without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

20. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

21. Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

22. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibits A and B are advertisements.

23. Defendant's actions caused actual damage to Plaintiff. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of

Defendant's faxes through Plaintiff's fax machines. Defendant's faxes cost Plaintiff time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

24. In addition to statutory damages (and the trebling thereof), Plaintiff is entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Declare Defendant's conduct to be unlawful under the TCPA;

b) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

c) Enjoin Defendant from additional violations;

d) Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff requests a trial by jury.

DATED: April 13, 2016

Respectfully submitted,

By: /s/
**THE LAW OFFICE OF THOMAS M. MULLANEY**
Thomas M. Mullaney (TM-4274)
tmm@mullaw.org
489 Fifth Ave., 19th Floor
New York, New York 10017
Telephone: (212) 223-0800
Facsimile: (212) 661-9860

And

Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
2800 Cantrell Rd., Suite 510
Little Rock, Arkansas 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505